IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § | No. 1:21-cr-6-HSO-RPM-1 |
| **KENNETH BRYAN RITCHEY** | § § § | |

### ORDER DENYING DEFENDANT KENNETH BRYAN RITCHEY'S MOTION [88] TO SUPPRESS AS UNTIMELY

THIS MATTER is before the Court sua sponte for consideration of Defendant Kenneth Bryan Ritchey's Motion [88] to Suppress. For the reasons that follow, the Court will deny the Motion [88] to Suppress as untimely.

On September 27, 2021, Defendant Kenneth Bryan Ritchey ("Defendant" or "Ritchey") and the Government submitted a Joint Motion [41] to Continue Trial and Pretrial Deadlines. The parties requested that the trial date be moved from November 1, 2021, to April 11, 2022, and "that all other pretrial deadlines be continued accordingly, pursuant to a scheduling order to be submitted by the parties." Jt. Mot. [41] at 5. The Court granted the Motion [41] and entered the Amended Scheduling Order [42] submitted by the parties. Text Only Order, Sept. 28, 2021; Am. Scheduling Order [42].

The Amended Scheduling Order [42] moved the dispositive motions deadline to February 25, 2022. *See* Am. Scheduling Order [42]. Ritchey timely filed a First Motion [45] to Suppress on February 10, 2022, and filed a Motion [53] to Dismiss

Counts 3-6 of the Superseding Indictment [33] on February 25, 2022. Mot. [45]; Mot. [53].

After the dispositive motions deadline had passed, Ritchey and the Government submitted a second Joint Motion [55] to Continue Trial and Pretrial Deadlines. The parties requested that the trial be moved from April 11, 2022, to August 8, 2022, and "that all other pretrial deadlines be continued accordingly, pursuant to a scheduling order to be submitted by the parties." Jt. Mot. [55] at 5. The Court granted this Motion [55] and entered the agreed Trial Scheduling Order [60] submitted by the parties. Order [57]; Trial Scheduling Order [60]. The Trial Scheduling Order did not reset the dispositive motions deadline, therefore the deadline for filing dispositive motions had passed because no new deadline was set. Trial Scheduling Order [60].

On May 13, 2022, Ritchey filed the present Motion [88] to Suppress.[1] This Motion [88] was filed well after the dispositive motions deadline, which passed on February 25, 2022, and Ritchey did not seek leave of Court to file an out-of-time dispositive motion.

The Local Uniform Criminal Rules provide that "[a]ll motions, both dispositive and non-dispositive, shall he filed within the time limits" set by the Court. L.U.Cr.R. 47(b). "Any motion filed beyond the motion deadline . . . [as set forth] in a scheduling order may be denied because the motion is filed untimely."

---

[1] A motion to suppress is a dispositive motion. *See United States v. Raddatz*, 447 U.S. 667, 678 (1980) (explaining that "the resolution of a suppression motion can and often does determine the outcome of the case").

L.U.Cr.R. 47(h). Because Ritchey's Motion [88] to Suppress was filed after the dispositive motions deadline, which was not extended, the Court finds that it should be denied as untimely pursuant to Local Uniform Criminal Rule 47(h).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Kenneth Bryan Ritchey's Motion [88] to Suppress is **DENIED** as untimely and filed without previously obtaining leave of Court.

**SO ORDERED AND ADJUDGED**, this the 16th day of May, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE