UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § § § § § § § § § § § | Criminal No. : 1:21-cr-00006-HSO-RPM |
| v. | |
| **KENNETH BRYAN RITCHEY,** | |
| **Defendant.** | |

## ORDER

Pursuant to the Magistrate's Order 97, the Court **GRANTS** the Government Filter Team and Defendant Ritchey's Joint Motion for Entry of a Discovery Protocol Governing the Production of Potentially Protected Material pursuant to Federal Rule of Criminal Procedure 16.

**IT IS ORDERED**:

1. This Discovery Protocol Order (the "Protocol") governs the production of Material to the Prosecution Team in this case.

2. The Filter Team shall provide to the potential privilege holders Defendant and third-party Gulf Coast Pharmaceuticals Plus (hereinafter "GCPP") a log identifying all material it identified as non-Potentially Protected Material,[1] which was produced in discovery to defendant on February 24, 2021. The Filter Team shall produce the same volume of discovery to GCPP. The Filter Team also shall provide to Defendant and GCPP an electronic index identifying Potentially Protected Material scheduled for production and a copy of this Protocol. Counsel for the Filter Team shall file a certification of production of all materials produced to Defendant and

---

[1] "Potentially Protected Material" is discovery material that is potentially protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection.

GCPP, including all logs and non-Potentially Protected Material and Potentially Protected Material produced.

3. Defendant shall have twenty (20) days from receipt of the logs or entry of this Order, whichever is later, to identify any documents from the log of non-Potentially Protected Material over which the Defendant intends to claim a privilege. Any such documents shall be considered Potentially Protected Material for the purposes of this Order and shall be subject to the process outlined in Paragraph (5) below.

4. Following that process, the Filter Team shall release discovery material that is not Potentially Protected Material to the Prosecution Team.

5. Potentially Protected Material will be handled using the following procedure:

   a. <u>Objections:</u> If the Defendant objects to the Filter Team's production of certain Potentially Protected Material to the Prosecution Team, the Defendant must send a written objection to the Filter Team within forty-five (45) days from receipt of the logs or entry of this Order, whichever is later. The objection shall include a privilege log setting forth, for each item logged:

      i. The Bates number range for the item;
      ii. The item title or a description of the item's subject matter;
      iii. The date the item was created;
      iv. The author(s) of the item;
      v. The recipient(s) of the item, if any;
      vi. Transmittal details of the item, if any;
      vii. The party asserting the potential privilege(s) and/or protection(s); and
      viii. The legally recognized privilege(s) and/or protection(s) asserted that preclude production of each item logged and a description sufficient to enable evaluation of that assertion, including the identity of any attorneys (or other persons) whose role(s) in the item at issue form(s) the basis for the assertion.

   b. <u>Non-Logged Potentially Protected Material:</u> The Filter Team will release to the Prosecution Team the Potentially Protected Material that the Defendant does not

      include an objection for on the privilege log without the need for the Court's approval.

c. <u>Failure to Object or Assert</u>: If the Defendant fails to adequately object within forty-five (45) days from receipt of the logs or entry of this Order, whichever is later, the Filter Team will provide the Prosecution Team with information regarding the Filter Team's attempts to contact the Defendant and the subsequent failure to respond. Thereafter, the Government may forego Subparagraphs (f)–(i) below and move the Court for a finding that the Defendant has waived any privilege(s) and/or protection(s) over the Potentially Protected Material identified in the notice of scheduled production.

d. <u>Failure to Comply</u>: If the Defendant fails to (i) provide to the Filter Team a privilege log that complies with Subparagraph (b) above, or (ii) meet and confer in accordance with Subparagraph (f) below, the Court may determine that such inactions constitute waiver of any privilege(s) and/or protection(s) over the Potentially Protected Material.

e. <u>Meet and Confer Requirement</u>: The Filter Team shall have seven (7) days from the receipt of any objection(s) and required privilege log to meet and confer with the Defendant to try and resolve any disagreements concerning the objection(s).

f. <u>Motion to Compel</u>: The Filter Team shall have ten (10) days from the date of the meet and confer to move to compel production of the disputed Potentially Protected Material. The moving party shall include with its motion a copy of the objection and privilege log, as well as a memorandum containing any factual or legal arguments. Upon the Court's request, the Filter Team or objecting party shall provide a copy of the disputed Potentially Protected Material to the Court *ex parte* and under seal for *in camera* review.

g. <u>Response</u>: The objecting party shall file a response within ten (10) days of the filing of a motion to compel under this Protocol.

h. <u>Reply</u>: A party moving to compel under this Protocol shall file a reply within five (5) days of the objecting party's response.

6. The Court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over discovery material produced pursuant to the Protocol, including if, and under what circumstances, a party may use the Potentially Protected Material at trial.

7.  Pursuant to Federal Rule of Evidence 502(d), any Potentially Protected Material produced to the Prosecution Team shall not constitute a waiver or forfeiture of any privilege or protection claim in any other federal or state judicial or administrative proceeding.

8.  All parties have the right to present to the Court any Potentially Protected Material to adjudicate whether the material is indeed privileged, protected, and/or if an exception to any privilege or protection applies, including, but not limited to, the crime-fraud exception or waiver. Under Federal Rule of Evidence 502(d), a production to determine whether materials are privileged or protected pursuant to this paragraph shall not itself constitute a waiver or forfeiture of any claim of privilege or protection.

9.  The deadlines of this Protocol may only be extended by written order of the Court.

**SO ORDERED.**

<u>August 18, 2022</u>
Date

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE